UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:25-CR-135-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GREGORY SCOTT RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 26 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Gregory Scott Richardson's guilty plea and adjudge him guilty of Count One of the Indictment (DE 1). *See* DE 27 (Recommendation); *see also* DE 24 (Plea Agreement). Judge Atkins expressly informed Richardson of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 27 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 27 and **ADJUDGES** Richardson guilty of Count One of the Indictment.

2. The Court **DEFERS** consideration of the binding plea agreement pending the final presentence investigation report and sentencing hearing;

3. Further, per Judge Atkins's recommendation, Defendant's plea agreement (DE 24 ¶ 9), and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Indictment's Forfeiture Allegations, DE 1 at 2-3 (U.S. currency), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2 (b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B); and

4. The Court will issue a separate sentencing order.[1]

This the 8th day of July, 2026.

---

[1] Richarson was remanded to custody post-plea, which preserved his status following arraignment. *See* DE 9; DE 26.  Richardson will remain in custody pending sentencing, subject to intervening orders.

Signed By:

*Robert E. Wier*

**United States District Judge**